# NO. 12-11-00177-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCUS TARVI JARRETT,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Marcus Tarvi Jarrett appeals his conviction for possession of marijuana. In two issues, Appellant argues that the trial court erred in denying Appellant's motion to suppress and in failing to give a requested jury instruction. We affirm.

### BACKGROUND

Appellant was indicted for intentionally or knowingly possessing a usable quantity of marijuana in an amount of 2,000 pounds or less, but more than 50 pounds, a second degree felony.[1] Appellant pleaded "not guilty." Before trial, Appellant filed a motion to suppress, alleging that he was arrested without a lawful warrant, probable cause, or other lawful authority in violation of the United States Constitution and the Texas Constitution. He requested that the trial court suppress his arrest, any and all evidence related to the arrest, and any testimony by the arresting officer or any other law enforcement officer concerning Appellant's actions while in detention or under arrest.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(5) (West 2010).

At trial, Mark Waters, a Smith County, Texas deputy constable, testified that he is also a K-9 officer. Soon after Deputy Waters began testifying, Appellant reurged his motion to suppress. After a hearing, the trial court denied Appellant's motion to suppress, and Deputy Waters continued to testify. He testified that on October 3, 2010, he was working on Interstate 20 in Smith County, driving in the inside lane, when he saw an eighteen wheeler tractor trailer cross the fog line[2] and begin to travel on the shoulder of the roadway. He activated his lights, and the audio and video recording system in his patrol car began recording. Deputy Waters explained that the recording system contained a fifteen second "preview," or captured fifteen seconds of events that occurred before the lights were activated.

Deputy Waters stated that he began following the tractor trailer and observed it crossing the fog line on the roadway and being driven on the shoulder. He also stated that he saw the driver of the tractor trailer tap on his brakes and move to the right with a "significant" or "large" portion of the trailer on the shoulder of the roadway. Deputy Waters testified that driving on the shoulder of the roadway is a violation of Texas law, specifically Section 545.058 of the Texas Transportation Code. After seeing the tractor trailer cross the fog line and travel on the shoulder of the highway, Deputy Waters stopped the driver of the tractor trailer, Appellant. He noticed that as Appellant exited the cab of the truck, he rolled up the windows and locked the door. He stated that he had never seen the driver of a tractor trailer roll up the windows and lock the cab after being stopped, and that this raised his suspicions.

After reviewing Appellant's trucking records, paperwork, and route, Deputy Waters contacted Smith County dispatch regarding Appellant's warrant and criminal history. Then, he asked Appellant if he could search the truck and the trailer, but Appellant refused. After backup arrived, Deputy Waters gave the command for his K-9 partner, a trained drug sniffing dog, to examine the outside of the truck. He testified that when his K-9 partner reached the door of the cab of the truck, he began to scratch or alert at the seam where the door to the truck cab closes. Deputy Waters asked Appellant for the keys to the truck and unlocked the door of the cab. He testified that he found six large black duffle bags in a closet behind the passenger seat. According to Deputy Waters, the duffle bags contained twelve large wrapped "bricks" that he believed to be

---

[2] A fog line is "the white line that separates the right line of traffic from the shoulder of an improved road." *State v. Dietiker*, 345 S.W.3d 422, 425 (Tex. App.—Waco 2011, no pet.).

2

contraband. At that point, he stated, Appellant was handcuffed and arrested.

Claybion F. Cloud, III, a forensic chemist with the Department of Public Safety, testified that each of the twelve bundles or "bricks" discovered in the duffle bags in the cab of Appellant's truck contained marijuana. He stated that the net weight of the twelve "bricks" was 271.93 pounds. During Cloud's testimony, he identified each "brick" by its unique number, and testified that it contained marijuana. At that point, the State offered each "brick" into evidence. To each proffer of each separate "brick" of marijuana, Appellant's counsel stated he had "no objection," and the "brick" was admitted into evidence by the trial court. Further, Cloud's drug analysis laboratory report was also admitted without objection.

At the end of the first day of trial, the trial court conducted a charge conference. Appellant requested that the jury charge include a Texas Code of Criminal Procedure Article 38.23(a) instruction. Appellant also presented a handwritten motion to that effect which included proposed questions from the transportation code. After extensive discussion, Appellant filed a motion to reopen testimony in order to allow Appellant to testify, but the trial court denied it. Appellant then made an oral motion for continuance in order to subpoena Deputy Waters' computer to determine when a warning citation not offered into evidence was created. The trial court denied Appellant's motion for continuance. Thereafter, the trial court denied Appellant's requested jury instruction, stating that the instruction was not a proper statement of the law, and denied Appellant's request for an Article 38.23(a) jury instruction, finding that there was no disputed fact issue.

At the conclusion of trial, the jury found Appellant guilty of possession of marijuana as charged in the indictment, and assessed his punishment at twenty years of imprisonment and a $10,000.00 fine.[3] This appeal followed.

## MOTION TO SUPPRESS

In his first issue, Appellant argues that the trial court erred in denying his motion to suppress because the officer lacked reasonable suspicion to stop him. Thus, he contends, the

---

[3] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.33 (West 2011).

3

contraband was seized pursuant to an illegal stop and should have been suppressed.

Ordinarily, filing a pretrial motion to suppress and receiving a ruling on that motion prior to trial is sufficient to preserve a complaint about that ruling for appellate review. *See Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Brown v. State*, 183 S.W.3d 728, 741 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). However the "affirmative acceptance of [ ] previously challenged evidence waive[s] any error in its admission." *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (citing *Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992)); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (statement of "no objection" to offered evidence waives claim to inadmissibility of challenged evidence that had been subject of suppression hearing); *Dean v. State*, 749 S.W.2d 80, 82-83 (Tex. Crim. App. 1988) (defendant waives appellate review of pretrial motion to suppress by stating "[n]o objections" when evidence is offered); *Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (same).

In this case, Appellant filed a pretrial motion to suppress his arrest and any and all evidence related to the arrest, including the marijuana discovered in the cab of his truck. However, to each proffer by the State of each separate "brick" of marijuana, Appellant's counsel stated that he had "no objection." This serves to waive a complaint about the admission of the marijuana despite the trial court's having ruled on Appellant's motion to suppress prior to trial. *See Swain*, 181 S.W.3d at 367–68; *see also Daniels v. State*, No. 12-06-00048-CR, 2007 WL 259259, at *2-3 (Tex. App.—Tyler Jan. 31, 2007, no pet.) (mem. op., not designated for publication).

Because Appellant has waived appellate review of this issue, we overrule Appellant's first issue.

## ARTICLE 38.23(a) INSTRUCTION

In his second issue, Appellant contends the trial court committed reversible error by failing to give the jury a requested instruction. More specifically, he requested that the trial court submit a jury instruction under Article 38.23(a) of the Texas Code of Criminal Procedure.

**Applicable Law**

Article 38.23(a) of the Texas Code of Criminal Procedure states that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of

the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). Further, it provides that "in any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence obtained." *Id.*

A defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation which would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). The three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under Article 38.23(a) are as follows:

> (1) The evidence heard by the jury must raise an issue of fact;
> (2) The evidence on that fact must be affirmatively contested; and
> (3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Id*. at 510 (citing 40 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 4.194 (2d ed. 2001)).

To raise a disputed fact issue warranting an Article 38.23(a) jury instruction, there must be some affirmative evidence that puts the existence of that fact into question. *Id*. at 513. In other words, this factual dispute can be raised only by affirmative evidence, not by mere cross examination questions or argument. *Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008). In fact, a cross examiner cannot create a factual dispute for purposes of an Article 38.23(a) instruction merely by his questions. *Madden*, 242 S.W.3d at 514. It is only the answers that are evidence and may create a dispute. *Id*. Further, mere insinuations by a defendant's attorney on cross examination does not raise a fact issue. *See Garza v. State*, 126 S.W.3d 79, 87 (Tex. Crim. App. 2004). A defendant who affirmatively states "no objection" when evidence is offered, may still request and receive a jury instruction under Article 38.23(a) if the evidence raises a contested factual issue that is material to the lawfulness of obtaining the evidence. *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008).

5

**Analysis**

As noted above, Appellant requested that the jury charge include an Article 38.23(a) instruction regarding Appellant's violation of the traffic laws, specifically Section 545.058. The trial court denied Appellant's request for the instruction, finding that there was no disputed fact issue. Even though Appellant affirmatively stated that he did not object to the admission of the twelve "bricks" of marijuana found in the cab of his truck, he still could have received a jury instruction under Article 38.23(a) if the evidence raised a contested factual issue. *See Holmes*, 238 S.W.3d at 196. Thus, we must determine if there was some affirmative evidence that put his violation of Section 545.058 into question. *See Madden*, 242 S.W.3d at 513.

At trial, Deputy Waters testified that he observed Appellant's tractor trailer cross the fog line on the highway and travel on the improved shoulder. He also stated that he saw the driver of the tractor trailer tap on his brakes and move to the right with a "significant" or "large" portion of the trailer on the shoulder of the roadway. On cross examination, Appellant's counsel questioned Deputy Waters regarding the exceptions to driving on the improved shoulder of the roadway, challenged his characterization of how much of the tractor trailer was being driven on the shoulder, and questioned whether he could see the fog line because of a shadow caused by the tractor trailer. During this cross examination, Deputy Waters' testimony never varied that he had observed the tractor trailer's tires cross the fog line and drive on the improved shoulder. He consistently testified that none of the exceptions contained in Section 545.058 were applicable to Appellant's conduct. He was also the only witness to testify regarding the circumstances leading to the traffic stop. Further, the video and audio recording admitted into evidence confirmed Deputy Waters' testimony.

From this evidence, we conclude that there was no disputed fact issue regarding Appellant's violation of Section 545.058. Appellant's cross examination and challenges did not raise a disputed fact issue, nor are these challenges and questions some affirmative evidence that put the existence of that fact into question. *See id*. at 514; *Oursbourne*, 259 S.W.3d at 177. Therefore, the trial court did not err in failing to grant Appellant's requested Article 38.23(a) instruction. We overrule Appellant's second issue.

6

## DISPOSITION

Having overruled Appellant's two issues, the judgment of the trial court is ***affirmed***.

**SAM GRIFFITH**
Justice

Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**FEBRUARY 28, 2013**

**NO. 12-11-00177-CR**

**MARCUS TARVI JARRETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-1540-10)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

8