

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00278-CR

**THE STATE OF TEXAS,**

                                                        **Appellant**

 **v.**

**RICHARD LOUIS DIETIKER,**

                                                        **Appellee**

**From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2010-1286-CR2**

## OPINION

The State of Texas appeals from the granting of Richard Louis Dietiker's motions to suppress evidence pursuant to Code of Criminal Procedure article 38.29. After a traffic stop, Dietiker was charged with the offense of evading arrest.[1] TEX. PEN. CODE ANN. § 38.04 (Vernon 2003). The State complains that the trial court erred in its determination that the officer did not have a reasonable suspicion that Dietiker had committed a traffic violation and therefore it was erroneous to grant Dietiker's motion.

---

[1] Dietiker was also charged at that time with the offense of Driving While Intoxicated, which is the subject of a separate appeal in this Court, No. 10-10-00277-CR.

Because we find that the trial court erred by granting the motion to suppress, we reverse the judgment of the trial court and remand for further proceedings.

*Standard of Review*

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818-19. However, when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's ruling on those questions *de novo*. *Amador*, 221 S.W.3d at 673. We also review the trial court's legal ruling *de novo* unless its explicit findings that are supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

*Burden of Proof*

In a hearing on a motion to suppress evidence based on an alleged Fourth Amendment violation, the initial burden of producing evidence that rebuts the presumption of proper police conduct is on the defendant. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). This burden may be met by establishing that a search or seizure occurred without a warrant. *Id*. After this showing is made by the defendant, the burden of proof shifts to the State, at which time the State is required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id*. In this proceeding, the State stipulated that the stop was made without a warrant and assumed the burden of proof regarding whether reasonable suspicion for the stop existed.

*Reasonable Suspicion*

An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997) (*citing Terry v. Ohio*, 392 U.S. 1, 29, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Ford*, 158 S.W.3d at 492. A reasonable-

suspicion determination is made by considering the totality of the circumstances. *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007).

*Traffic Violation*

The State contends that Dietiker committed a violation of section 545.058(a) of the Transportation Code, entitled "Driving on Improved Shoulder." Section 545.058(a) of the Transportation Code states that:

> An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:
>
> (1) to stop, stand, or park;
>
> (2) to accelerate before entering the main traveled lane of traffic;
>
> (3) to decelerate before making a right turn;
>
> (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
>
> (5) to allow another vehicle traveling faster to pass;
>
> (6) as permitted or required by an official traffic-control device; or
>
> (7) to avoid a collision.

TEX. TRANSP. CODE ANN. § 545.058(a) (Vernon 1999).

It is undisputed that the tires on the passenger side of the vehicle Dietiker was driving crossed over the "fog line," which is the white line that separates the right lane of traffic from the shoulder of an improved road. The trial court's written finding of fact is that Dietiker's tires crossed that line "one time, then quickly crossed back into the intended lane of travel. There was nothing else unusual about Dietiker's driving."

The officer stated that the only reason that he stopped Dietiker was based on this one incursion over the fog line for three or four seconds and that it was late at night and windy, and therefore, it was difficult for him to see if there was a pedestrian or other vehicle on the road. The road was two lanes wide in each direction. There was no evidence relating to necessity or any of the seven permitted reasons for driving on an improved shoulder.

### *Trial Court's Conclusions of Law*

The trial court's oral and written conclusions of law demonstrate that the trial court's decision granting the motion to suppress was based entirely upon this Court's holding in *State v. Tarvin*. *See State v. Tarvin*, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref'd). In *Tarvin*, this Court held that a short incursion onto the fog line did not constitute reasonable suspicion to conduct a traffic stop pursuant to section 545.060 of the Transportation Code without other evidence of it being unsafe, erratic, or the officer is suspicious of other criminal activity such as intoxication.

In this case, the trial court made a conclusion of law that a "car whose tires cross the fog line one time and back into the intended lane of travel, where there is no: inability to maintain a safe speed, swerving, or any unsafe driving maneuver is not a violation of the law and does not constitute reasonable suspicion," and cites *Tarvin* as authority in support of this conclusion. The trial court further concluded that a "car may deviate from its intended lane of travel if the movement is made safely," and cites section 545.060 in support of this conclusion.

However, the State did not contend that Dietiker committed a violation of section 545.060. It is the State's choice to determine which traffic violation it relies upon in establishing reasonable suspicion for a traffic stop. *Noack v. State*, No. 11-07-00107-CR, 2008 Tex. App. LEXIS 8587 at *5 (Tex. App.—Eastland Nov. 13, 2008, no pet.) (mem. op.) (not designated for publication). Once it makes that determination, the State then has the burden of establishing a reasonable suspicion that this statute had been violated. *Id*. Our inquiry, consequently, surrounds the statute on which the State relied, which was section 545.058(a). Pursuant to section 545.058(a), safety is one factor that must be established. However, if the incursion onto the shoulder was not necessary or none of the statutory exceptions set forth in section 545.058(a) that permit a driver to drive on the shoulder apply, whether or not Dietiker was driving safely was immaterial. Because of this, the trial court's conclusions of law revolving around a violation of section 545.060 were erroneous. We must then determine whether the State met its burden of proof to establish reasonable suspicion of a violation of section 545.058(a).

*Analysis*

As stated previously, it is undisputed that the record before the trial court contained no evidence that Dietiker's driving on the improved shoulder was necessary or was for one of the specific purposes authorized by statute. *See, e.g., Tyler v. State*, 161 S.W.3d 745, 750 (Tex. App.—Fort Worth 2005, no pet.) (finding probable cause to stop appellant for driving on improved shoulder where record contained no evidence that driving on shoulder was necessary under any of the statutory exceptions); *Martinez v. State*, 29 S.W.3d 609, 611-12 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (holding

trial court could have found reasonable suspicion for stop based on statutory violation for driving on shoulder where trooper testified driver drifted partially onto shoulder with right tires before pulling back into his lane of traffic); *Neskorik v. State*, 2006 Tex. App. LEXIS 2860, No. 07-04-0578-CR, 2006 WL 908502, at *2 (Tex. App.—Amarillo Apr. 10, 2006, no pet.) (holding reasonable suspicion supported stop where no evidence suggested driving on shoulder was justified or necessary for any of the listed statutory exceptions) (not designated for publication); *Thorn v. State*, 2006 Tex. App. LEXIS 1668, No. 2-04-00567-CR, 2006 WL 496000, at *2 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (holding reasonable suspicion was established by driving on shoulder where no evidence revealed a necessity for doing so) (not designated for publication); *State v. Wise*, 2005 Tex. App. LEXIS 10796, No. 04-04-00695-CR, 2005 WL 2952357, at *3 (Tex. App.—San Antonio Oct. 26, 2005, no pet.) (reversing trial court's determination that reasonable suspicion was lacking where officer testified that appellant drove on improved shoulder and no evidence was presented that it was necessary for appellant to drive on improved shoulder or that her actions fell within one of the permissible purposes) (not designated for publication).

Although the officer testified that he did not see Dietiker drive unsafely onto the shoulder of the road, the evidence does not substantiate necessity or that one of the statutory exemptions applied. We find that without evidence of necessity or the statutory exemptions, the State met its burden and was not required to negate necessity or the statutory exemptions in order to establish reasonable suspicion. *See generally* TEX. TRANSP. CODE ANN. § 542.301 (Vernon 1999) (setting forth general offense of the "Rules

of the Road" contained in subtitle C of the Transportation Code). This is because necessity, safety, and the statutory exemptions are more in the nature of defenses rather than exceptions. *See* TEX. PEN. CODE ANN. §§ 2.02, 2.03 (Vernon 2003). Therefore, there was reasonable suspicion for the officer to believe that a violation of Section 545.058(a) was transpiring. We find that the trial court's decision to grant the motion to suppress based on lack of reasonable suspicion for the initial stop was erroneous pursuant to Section 545.058(a) of the Transportation Code. We sustain issue one.

*Conclusion*

We find that the trial court erroneously applied section 545.060 in determining whether reasonable suspicion to justify a traffic stop existed and further that the trial court erred in granting Dietiker's motion to suppress pursuant to section 545.058(a). We reverse the decision of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and Remanded
Opinion delivered and filed January 12, 2011
Publish
[CR25]