

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00809-CR

Juan Jose **GARZA** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CR-12-063
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 19, 2013

AFFIRMED

Appellant Juan Jose Garza Jr. was charged with driving while intoxicated with a child passenger.  After the trial court denied his motion to suppress, Garza pled guilty.  The trial court sentenced Garza to confinement for one year in the Bandera County Jail and a $500.00 fine, but suspended the jail term and placed Garza on probation for one year.  On appeal, Garza contends:

(1) the trial court erred in denying his motion to suppress, and (2) the State had no reasonable suspicion to stop him.[1]  We affirm the trial court's judgment.

## BACKGROUND

At the hearing on the motion to suppress, Officer Steven Mayfield testified that on the evening of April 6, 2012, he saw Garza driving a vehicle on State Highway 173 South in Bandera County, Texas.  Officer Mayfield testified Garza's "driving habits were real jerky, going from left to right," so he began following Garza.  Garza continued swerving in his own lane.  Officer Mayfield then saw Garza's vehicle cross over the solid white fog line and drive onto the improved shoulder.  Officer Mayfield noted Garza failed to signal any of his movements before he crossed over the line.  Based on this erratic driving, Officer Mayfield determined Garza had violated traffic laws and pulled the vehicle over for a traffic stop.  Officer Mayfield testified he also wanted to ensure Garza was not falling asleep or intoxicated.

Officer Mayfield testified that after he pulled the vehicle over and approached Garza, he could smell alcohol coming from within the vehicle.  Officer Mayfield asked Garza if he had been drinking, and Garza responded he drank about four beers that night.  Officer Mayfield testified Garza appeared to be intoxicated.  Therefore, Officer Mayfield asked Garza to step out of the vehicle and perform three standardized field sobriety tests—the horizontal gaze nystagmus ("HGN"), the walk-and-turn, and the one-leg-stand.  Officer Mayfield testified Garza failed all

---

[1] Both Garza and the State frame this issue as "whether the State fail[ed] to meet its burden of showing [there was] probable cause to stop and detain [Garza]."  The trial court's findings of fact also mention there was "probable cause to stop [Garza]."  However, Garza's arguments on appeal concern only the circumstances surrounding the initial traffic stop, and do not address any actions after the stop that led to his arrest.  Therefore, we will review this issue under the standard necessary to make a temporary investigative or traffic stop—reasonable suspicion. *See Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (noting to initiate investigative stop, officer must possess reasonable suspicion based on specific, articulable facts that, in light of officer's experience and general knowledge, would lead officer to reasonably conclude that person detained actually is, has been, or soon will be engaged in criminal activity).

three tests. Based on Garza's erratic driving and poor performance on the field sobriety tests, Officer Mayfield placed Garza under arrest for DWI with a child passenger.

After hearing the evidence and argument, the trial court denied Garza's motion to suppress. Thereafter, Garza pled guilty to the charge of DWI with a child passenger and was sentenced to one-year confinement, which was suspended and probated for one year. Garza then timely perfected this appeal.

## MOTION TO SUPPRESS

On appeal, Garza contends: (1) the trial court erred in denying his motion to suppress, and (2) the officer had no reasonable suspicion to detain him. We disagree.

### *Standard of Review*

We review the trial court's denial of a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). A trial court's determination of historical facts will be given almost total deference, while the trial court's application of the law will be reviewed de novo. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). When the trial court issues findings of fact and conclusions of law, as in this case, we determine whether the evidence, viewed in the light most favorable to the ruling, supports those findings. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). "[T]he trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony." *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). A trial court's ruling on a motion to suppress will be upheld if there is any valid theory of applicable law to the case, even if the trial court did not base its decision on that theory. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

*Applicable Law: Reasonable Suspicion*

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 22 (1968). The Fourth Amendment requires that a warrantless detention of a person that amounts to less than a custodial arrest must be justified by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An officer has reasonable suspicion to detain if he has "specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Derichsweiler*, 348 S.W.3d at 914. This is an objective standard that disregards the actual subjective intent of the arresting officer and considers, instead, whether there was an objectively justifiable basis for the detention. *Id.* "It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified." *Id.*; *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007) (noting appellate courts consider totality of circumstances in making reasonable suspicion determination). Under this standard, the articulable facts on which the officer relied need only support a reasonable belief that activity out of the ordinary is occurring or has occurred, that the person detained is connected to the activity, and that the activity is related to crime. *State v. Garcia*, 25 S.W.3d 908, 912 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Moreover, the detaining officer does not have to be personally aware of every fact that objectively supports reasonable suspicion. *Id.* Rather, "the cumulative information known to the cooperating officers at the time of the stop is

to be considered in determining whether reasonable suspicion exists." *Id.* (citing *Hoag v. State*, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987)).

### *Application*

Garza argues the State did not meet its burden of demonstrating the reasonableness of the stop. Specifically, Garza cites *Hernandez v. State*, 983 S.W.2d. 867 (Tex. App.—Austin 1998, pet. ref'd) for the proposition that a slight drift into an adjacent lane of traffic and back did not provide officer with reasonable suspicion that appellant was driving while intoxicated. *Id.* at 870–72. However, we find the facts of this case differ from those in *Hernandez*.

In *Hernandez*, the court held a single instance of crossing a lane dividing line by 18 to 24 inches into a lane of traffic traveling the same direction, when the movement is not shown to be unsafe or dangerous, did not give the officer a reasonable basis for suspecting that the appellant had committed a traffic offense. *Id.* at 870–71.

In this case, Officer Mayfield testified Garza's conduct attracted his attention because Garza was driving "real jerky, going from left to right" within his own lane. Officer Mayfield then saw Garza's vehicle cross over the solid white fog line on the right side and drive onto the improved shoulder. Officer Mayfield also noted Garza failed to signal any of his movements before he crossed over the line.

Section 545.058 of the Texas Transportation Code notes that "an operator may drive on an improved shoulder to the right of the main traveled portion of the roadway if that operation is necessary and may be done safely, but only:

(1) to stop, stand or park;

(2) to accelerate before entering the main traveled lane of traffic;

(3) to decelerate before making a right turn;

(4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;

(5) to allow another vehicle traveling faster to pass;

(6) as permitted or required by an official traffic-control device; or

(7) to avoid a collision.

TEX. TRANSP. CODE ANN. § 545.058 (West 2011).

It is undisputed that the record before the trial court contained no evidence that Garza's driving on the improved shoulder was necessary or was for one of the specific purposes authorized by statute. Therefore, Garza's actions constituted a traffic violation that authorized Officer Mayfield to make the traffic stop. *See, e.g., State v. Dietiker*, 345 S.W.3d 426, 430–31 (Tex. App.—Waco 2011, no pet.) (holding trial court erred in granting motion to suppress when record contained no evidence appellant's driving on shoulder was necessary or for one of specific purposes authorized by Section 545.058); *Tyler v. State*, 161 S.W.3d 745, 750 (Tex. App.—Fort Worth 2005, no pet.) (finding no evidence that driving on shoulder was necessary under any of the statutory exceptions); *Martinez v. State*, 29 S.W.3d 609, 611–12 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (holding trial court could have found reasonable suspicion for stop based on statutory violation for driving on shoulder where trooper testified driver drifted partially onto shoulder with right tires before pulling back into his lane of traffic); *cf. Lothrop v. State*, 372 S.W.3d 187, 191 (Tex. Crim. App. 2012) (holding officer did not have reasonable suspicion that appellant was illegally driving on improved shoulder when officer testified car in front of appellant slowed down noticeably and appellant used shoulder to pass slowed car, as authorized by Section 545.058(a)).

Furthermore, we hold Garza's erratic driving and traffic violation gave Officer Mayfield reasonable suspicion to initiate a traffic stop to check on the driver's condition. *See Aviles v. State*, 385 S.W.3d 110, 114 (Tex. App.—San Antonio 2012, pet. ref'd) (holding appellant's erratic driving and traffic violation authorized officer to make traffic stop). Because the State established Officer Mayfield had reasonable suspicion to stop and detain Garza, we hold the trial court did not err in denying Garza's motion to suppress.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish