NO. ___PD-0651-15___

651-15

IN THE

ORIGINAL

COURT OF CRIMINAL APPEALS

OF TEXAS

PIERCE, JOSEPH MICHAEL,

(Appellant/Petitioner)

vs.

STATE, OF TEXAS,

(Appellee/Respondent)

FILED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

APPLICANT'S MOTION FOR REHEARING

PURSUANT TO T.R.A.P. RULE 79

In Appeal No. 12-14-00073-CR

Court of Appeals

For the Twelfth Judicial District

Tyler, Texas

Joseph Michael Pierce, Petitioner/Pro Se

3060 FM 3514 #1919200 (Stiles Unit)

Beaumont, Texas, 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 02 2015

Abel Acosta, Clerk

NO. _____ PD-0651-15 _____

| | | |
|---|---|---|
| PIERCE, JOSEPH MICHAEL, | § | IN THE TEXAS COURT |
| (Appellant) | | |
| | § | OF CRIMINAL APPEALS, |
| VS. | | |
| | § | AUSTIN, TEXAS |
| STATE, OF TEXAS, | | |
| (Appellee) | | |

## APPELLANT'S MOTION FOR REHEARING

## PURSUANT TO T.R.A.P. RULE 79

NOW COMES, JOSEPH MICHAEL PIERCE, Appellant, proceeding pro se in the above styled and numbered cause, respectfully files this, his Motion For Rehearing pursuant to T.R.A.P. Rule 79, from the refusal of his Petition For Discretionary Review in Cause Number _____ PD-0651-15 _____ .

I, JOSEPH MICHAEL PIERCE, pursuant to Tex.Civ.Prac.Rem. Code, §132.001 - §132.003, do certify that this motion is based on substantial intervening circumstances or other significant circumstances which are specified in the motion, and is made in good faith and not for delay purposes.

Executed on this ___27___ day of ___October___, 2015.

_Joseph Michael Pierce_

JOSEPH MICHAEL PIERCE (Pro Se)

3060 FM 3514 #1919200 (Stiles Unit)

BEAUMONT, TEXAS, 77705

(1.)

# I.

## PROCEDURAL HISTORY

On October 14, 2015, the Texas Court of Criminal Appeals REFUSED Appellant's Petition For Discretionary Review in Cause No.**PD-0651-15**.

# II.

## SUBSTANTIAL INTERVENING CIRCUMSTANCES

Appellant will show in this motion that there is (3) Substantial Intervening Circumstances for this court to reconsider reviewing Appellate's PDR.

1. Whether Appellate properly requested and perserved a request to the trial court to make findings on his motion to suppress evidence?

2. The effect of making a determination that appellant had properly requested and preserved a request for findings with the trial court.

3. The Court of Appeals in the 7th and 12th opinions conflict with the Court of Criminal Appeals opinion in LOTHROP V. STATE,372 S.W.3d(2012).

## 1. WHETHER APPELLATE PROPERLY REQUESTED AND PERSERVED A REQUEST TO THE TRIAL COURT TO MAKE FINDINGS ON HIS MOTION TO SUPPRESS EVIDENCE ?

A. Appellant requested the trial court to make findings on the denial of his motion to suppress evidence.(SEE ATTACHMENT A Supplemented reporter's record from January 21, 2014 page 7-8).

On January 21, 2014, Appellant, in the presence of his trial attorney, and in the proceedings following a hearing, Appellant was informed that his motion to suppress was denied. Appellant addressed the courts and the following took place:

THE DEFENDANT: Yes, ma'am. May I speak?

THE COURT: If you want to talk to your lawyer first, he might prefer you talk to him first.

THE DEFENDANT: I want to talk to you.

THE COURT: Okay.

THE DEFENDANT: Is there any way I can be told why - I don't know what the proper words are - why my motion was denied?

THE COURT: what motion?

THE DEFENDANT: The motion to suppress?

THE COURT: I'm not going to answer your question. I really don't discuss the the reasons for Court rulings

THE DEFENDANT: Okay.

THE COURT: That's the sort of instructions they give you at Judge school is just make a ruling.

THE DEFENDANT: Yes, ma'am.

THE COURT: But anyway, because I thought it was the correct ruling is the answer.

B. CODE OF CRIMINAL PROCEDURE ART. 1.05 "RIGHTS OF ACCUSED" states, **HE SHALL HAVE THE RIGHT OF BEING HEARD BY HIMSELF, OR COUNSEL, OR BOTH:**

C. <u>ROSS V. STATE</u>,32 S.W. 853,858(Tex.Crim.App.2000)(a non-prevailing party shall attempt to get the rational for the trial court's ruling on the record through either a verbal explanation at the hearing or express findings of fact and conclusions of law.)

Even if Appellate did not properly "by procedural requirement" request findings of fact and conclusions of law on his motion to suppress, the trial court had a duty to ensure that Appellate did not lose his right to those findings due to ignorance of technical procedural requirements SEE,e.g.,**U.S. V. GONZALEZ**,592 F.3d 675,680 n.3(5th Cir.2009)(discussing liberally construed briefs while represented by counsel.))

2. **THE EFFECT OF MAKING A DETERMINATION THAT APPELLATE HAD PROPERLY REQUESTED AND PRESERVED A REQUEST FOR FINDINGS WITH THE TRIAL COURT.**

Appellant contends that if the Appellant Court had made a determination that he had implied Pro Se, a request for findings before the court, then the trial court would have abused its discretion in not making those findings. In these circumstances the Appellate court would have been required to remand the proceedings back to the trial court to make such findings.SEE **STATE V. CULLEN**,195 S.W.3d 696,698(Tex.Crim.App.

2006)(In this case, the trial court's refusal to act prevented the court of appeals from meaningful review of the decision to grant the motion to suppress. Without findings of fact and conclusions of law, the court of appeals was left in the undesirable position of having to make assumptions about the reasons for the trial court's decision. RULE 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling.

<u>RULES OF APPELLATE PROCEDURE 44.4</u> provides:

(a) Generally. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

   (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

   (2) the trial court can correct its action or failure to act.

(b) Court of appeals direction if error remediable. If circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

Appellant has met this requirement and the 12th COA errored, when the state failed to dispute Appellant's appeal by not filing a reply brief. The 12th COA was forced to treat it as a confession of error by the prosecutor. Which is make an independent examination of the merits of the claim of error.SEE **SIVERRAND V. STATE**,89 S.W.3d 216,219-20(Tex.App.-Corpus Christi 2002)(solution on how to treat

(3.)

a state's failure to file a reply brief). The 12th COA review the motion to suppress and the record reflects that the trial court refused to give an adequate answer to her ruling when asked, and this prejudiced Appellate and the 12 COA had to "outright" guess about her court's ruling on the motion to suppress, even though the Court of Criminal Appeal has stated in <u>CULLEN</u>, Id. (Effective from the date of this opinion,

> the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of law to the facts.)

Appellant would like for this court to focus on the Reporter's Record he has included in this motion,( SEE ATTACHMENT A page 7 and 8 pretrial hearing Jan. 21,2014) Judge Kennedy did not refuse appellant's request for findings on his motion to suppress because it was Hybrid, she does not say that, she refused because she was taught not to give her reasons for her ruling. Judge Kennedy understood Appellant's implied Pro Se request for findings on her ruling, by her saying," But anyway, because I thought it was the correct ruling is the answer.SEE ATTACHMENT A page 8 supplemented RR Jan. 21,2014. .

### 3. THE COURT OF APPEALS 7th and 12th OPINIONS CONFLICT WITH THIS COURT's OPINION IN LOTHROP V. STATE,372 S.W.3d 187(Tex.Crim.App.2012).

The Court of Appeals in Tyler and Amarillo have stated in there opinions that touching the white line constitutes a violation of §545.058(a) driving on the improved shoulder. Appealant has found two other cases in the 7th court of appeals that like with the 12th COA believe that touching the white fog line with the tire was sufficient to allow the officer to reasonably conclude that the defendant violated Tex. Transp. Code Ann §545.058(a) SEE <u>McCLISH V. STATE</u>,2006 Tex.App.LEXIS 7927, and also SEE <u>THOMAS V. STATE</u>,420 S.W.3d 195,200(Amarillo 2013).

Appellant's case is very similar in facts with <u>THOMAS</u> Id. In both cases the Appellants were driving vehicals with out of state plates and were pulled over for touching the line, which the trooper misunderstood as driving on the improved shoulder and violated §545.058(a) based on that, neither case did the state prove that the Appellants actually drove on the shoulder and it was for none of the seven reasons §545.058(a) allows you. THOMAS and Appellate defence was that touching the line is not driving on the improved shoulder and it was the state's burden to prove that not only we cross the line, also the state had to prove that it was for none of the seven reasons you are allowed.The state in both cases failed to elect testimony from the trooper that he observed it not to be for none of the seven reasons, just that they thought touching the line violates the statute of §545.058(a).

A. 50 Texas practice, DWI Law and Practice Handbook § 7:12 (2015 ed.)

§ 7:12 Traffic offenses – Driving on an improved shoulder

An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

1. to stop, stand, or park;

2. to accelerate before entering the main traveled lane of traffic;

3. to decelerate before making a right turn;

4. to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;

5. to allow another vehicle traveling faster to pass;

6. as permitted or required by an official traffic-control device; or

7. to avoid a collision.[1]

Similar to the offense of failure to maintain a single lane is the offense of driving on an improved shoulder.[2] A suspect's violation of this provision may serve as a reasonable suspicion that a traffic law is being violated.[3] For example, a police officer had a reasonable suspicion that a defendant violated the statute pertaining to "driving on improved shoulder," such that the officer's traffic stop of the defendant was justified, as it was undisputed that the tire on the passenger side of the vehicle that the defendant was driving crossed over the "fog line" that separated the right lane of traffic from the shoulder of the road, the evidence did not substantiate necessity for crossing over "fog line" or that one of the statutory exemptions applied.[4] However, a police officer must observe more that a vehicle being driven on an improved shoulder to justify a detention. The Court of Criminal Appeals found that "driving on an improved shoulder is not prima facie evidence of an offense."[5] A driver may drive on an improved shoulder where it can be done safely and if it is "neccessary to achieving one of the seven approved purposes."[6] The defendant does not have the burden to prove that one of the seven approved purposes applies. Rather, the state has the burden to show: ether driving on the improved shoulder was not a neccessary part of achieving one of the seven approved purposes, or driving on the improved shoulder could not have been done safely."[7]

Westlaw.   2015 Thomson Reuters.(SEE ATTACHMENT B Photocopy of §7:12)

---

Footnotes

1. Tex. Transp. Code Ann § 545.058(a).
2. Tex. Transp. Code Ann § 545.058(a).
3. State V. Dietiker,345 S.W.3d 422(Tex. App. Waco 2011, no pet.).
4. State V. Dietiker,345 S.W.3d 422(Tex. App. Waco 2011, no pet.).
5. Lothrop V. State,372 S.W.3d 187(Tex. Crim. App. 2012).
6. Lothrop V. State,372 S.W.3d 187(Tex. Crim. App. 2012).
7. Lothrop V. State,372 S.W.3d 187(Tex. Crim. App. 2012).

B.  The State's Exhibit 2 ( Video from Trooper's Frazier's dashcam).

The Trooper's dashcam shows what happened that night and not one time on the video does Trooper Frazier tell Appellant he drove on the shoulder. In fact, the Trooper was asked by Trooper Baker who shows up after the stop, What did you get him for? Trooper Frazier says," For touching the line, I even told him you were looking back at me."(SEE V RR 62-63,74-75.) When Trooper Frazier was asked what does drivng on the improved shoulder meant to him, he responded, "that the tires touch the white line is driving on the improved shoulder, and that he was taught that at the Academy. (SEE V RR 54.) The Trooper was asked to show the court where he thought the video shows the vehicle driving on top of the white line, which he thought was driving on the shoulder. After showing the court he agrees that you can't tell if the tire is touching the line or 3 inches away from the line. That is what he believed was violated §545.058 driving on the improved shoulder.(SEE V RR 59.) This is unreasonably wrong and Appellant ask this Court to Step In and correct the 12th COA that has made this error after this court has made it clear in LOTHROP V. STATE,372,S.W. 187(Tex.Crim.App.2012) that there is two ways to prove driving on the shoulder and it is the state's burden to prove one of those ways, NOT the Appellant's as the 7th and 12th COA has shifted the burden too.(SEE ATTACHMENT C screenshots from State's Exhibit 2, that shows where Appellant was unreasonably stopped and never CROSSED the White Line.) Transcript from the dashcam State's Exhibit 2

> (00:05:25)run time / (00:20:23)WG time)
> TROOPER: "Good evening, sir. Highway Patrol. Reason
> for the stop, when I got there behind you, I
> noticed you hit that white line a few times. I
> don't know if you were just watching me behind
> you, I just want to make sure you're safe to
> drive, though. You're nothing to drink or any-
> thing like that? Okay, you got your license and
> insurance, and it'll be a warning and I'll get
> you back on the road."

The 12th COA ignored this weight of evidence and the Trooper's testimony conflicts with the video that was played and used at the Suppression hearing.Both video and the Trooper's testimony does not support a legal stop. With this evidence in front of this court is substantial intervening circumstances for this court to correct.

### PRAYER

Appellant prays that this Honorable Court Of Criminal Appeals review the substantialial intervening circumstances as set out in the above and forgoing motion and, upon review, sets this case to be reheard on Appellants issues.

Respectfully Submitted,

JOSEPH MICHAEL PIERCE

(6.)

## CERTIFICATE OF COMPLIANCE

I, JOSEPH MICHAEL PIERCE, do certify that this motion is in compliance with T.R.A.P. RULE 79.2 since the motion is grounded on substantial intervening circumstances and other signficant circumstances that are specified in this motion. Appellant certifies that this motion is so grounded and that the motion is made in good faith and not for delay. Executed on this 27 day of October 2015.

_Joseph Michael Pierce_
JOSEPH MICHAEL PIERCE

## CERTIFICATE OF SERVICE

I, JOSEPH MICHAEL PIERCE, do certify that a true and correct copy of Appellant's Motion for REHEARING WAS SERVED ON Appellee by U.S. MAIL, postage prepaid, addressed to:

STATE PROSECUTING ATTORNEY

P.O. BOX 12405

AUSTIN, TEXAS 78711

AND

MR. MICHAEL WEST (Asst. Dist. Attory.)

100 NORTH BROADWAY, 4th Fl.

TYLER, TEXAS 75702

Executed on this  27  day of October 2015.

_Joseph Michael Pierce_
JOSEPH MICHAEL PIERCE
TDCJ-CID #01919200
Mark W. Stiles Unit
Beaumont, Texas 77705

## INMATE'S DECLARATION

I, JOSEPH MICHAEL PIERCE, am the applicant and being presently incarcerated in MARK W. STILES UNIT, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on October, 27, 2015.

_Joseph Michael Pierce_
Signature of Applicant
JOSEPH MICHAEL PIERCE

(7.)

<u>ATTACHMENT A</u>

COURT REPORTER'S RECORD THAT WAS SUPPLEMENTED

AFTER APPELLANT FILED HIS DIRECT APPEAL.

This hearing took place on JANUARY 21,2014

THE COURT: Your appointment is tomorrow?

MR. ELLIS: Yes.

THE COURT: If we set it say four weeks out and with the understanding that if you're not a hundred percent, we won't go forward until you are.

MR. ELLIS: I understand. I would think that would be a fine date at least until I can check in, Your Honor.

THE COURT: Okay. That's really what I'm looking for, when you can check back in.

Mr. Pierce, you keep raising your hand. What's that about?

THE DEFENDANT: Yes, ma'am. May I speak?

THE COURT: If you want to talk to your lawyer first, he might prefer you talk to him first.

THE DEFENDANT: I want to talk to you.

THE COURT: Okay.

THE DEFENDANT: Is there any way I can be told why - I don't know what the proper words are - why my Motion was denied?

THE COURT: What motion?

THE DEFENDANT: The Motion to Suppress?

THE COURT: I'm not going to answer your question. I really don't discuss the reasons for Court rulings.

beverly e. dixon, c.s.r.
deputy official court reporter
114th District Court

THE DEFENDANT: Okay.

THE COURT: That's the sort of instructions they give you at Judge school is just make a ruling.

THE DEFENDANT: Yes, ma'am.

THE COURT: But anyway, because I thought it was the correct ruling is the answer.

All right. Let's try for February 24th if everybody's comfortable on that date. Then we'll plan to go forward, if not, you'll have an update for us.

MR. ELLIS: Thank you, Judge.

THE COURT: Okay. All right. Thank you all very much. We're in recess in this matter.

(HEARING ADJOURNMENT.)

beverly e. dixon, c.s.r.
deputy official court reporter
114th District Court

<u>ATTACHMENT B</u>

50 Tex. Prac., DWI Law Practice Handbook
§ 7:12 Traffic offenses – Driving on an
improved shoulder. Database updated April 2015

50 Tex. Prac., DWI Law and Practice Handbook § 7:12 (2015 ed.)

Texas Practice Series TM
Texas DWI Law and Practice Handbook
Database updated April 2015
Julie Kay Baker, Kyle C. Simpson
Chapter 7. Search and Seizure

§ 7:12. Traffic offenses—Driving on an improved shoulder

An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

    1. to stop, stand, or park;

    2. to accelerate before entering the main traveled lane of traffic;

    3. to decelerate before making a right turn;

    4. to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;

    5. to allow another vehicle traveling faster to pass;

    6. as permitted or required by an official traffic-control device; or

    7. to avoid a collision. [1]

Similar to the offense of failure to maintain a single lane is the offense of improperly driving on an improved shoulder. [2] A suspect's violation of this provision may serve as a reasonable suspicion that a traffic law is being violated. [3] For example, a police officer had a reasonable suspicion that a defendant violated the statute pertaining to "driving on improved shoulder," such that the officer's traffic stop of the defendant was justified, as it was undisputed that the tire on the passenger side of the vehicle that the defendant was driving crossed over the "fog line" that separated the right lane of traffic from the shoulder of an improved road, and although the officer testified that he did not see the defendant drive unsafely onto the shoulder of the road, the evidence did not substantiate necessity for crossing over "fog line" or that one of the statutory exemptions applied. [4] However, a police officer must observe more than a vehicle being driven on an improved shoulder to justify a detention. The Court of Criminal Appeals found that "driving on an improved shoulder is not prima facie evidence of an offense." [5] A driver may drive on an improved shoulder where it can be done safely and if it is "necessary to achieving one of the seven approved purposes." [6] The defendant does not have the burden to prove that one of the seven approved purposes applies. Rather, the state has the burden to show: "either driving on the improved shoulder was not a necessary part of achieving one of the seven approved purposes, or driving on the improved shoulder could not have been done safely." [7]

Westlaw. © 2015 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1    Tex. Transp. Code Ann. § 545.058(a).

2    Tex. Transp. Code Ann. § 545.058.

3    State v. Dietiker, 345 S.W.3d 422 (Tex. App. Waco 2011, no pet.).

4    State v. Dietiker, 345 S.W.3d 422 (Tex. App. Waco 2011, no pet.).

5    Lothrop v. State, 372 S.W.3d 187 (Tex. Crim. App. 2012).

U. S. Government Documents
DEPOS...
Margaret and ... ... Library
Abil... ... University
A... ... 79699

ATTACHMENT C

SCREEN SHOT PHOTOS FROM THE VIDEO OF THE DASH

CAM THAT WAS ENTER IN AT TRIAL AND THE

SUPPRESSION HEARING IN CAUSE NO. 114-0658-13



