**Affirmed and Opinion Filed April 26, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00098-CR

## GWENDOLYN COY STEGAL, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 3
Dallas County, Texas
Trial Court Cause No. MB14-18031-C

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Stoddart

Gwendolyn Coy Stegal appeals the order denying her motion to suppress in this driving-while-intoxicated case. Following the denial of her motion to suppress, appellant pleaded guilty pursuant to a plea bargain, preserving her right to appeal the denial of the motion to suppress. The trial court sentenced appellant to 150 days in jail, assessed a fine of $800, suspended the jail sentence and placed her on community supervision for fifteen months. In a single issue, appellant argues the trial court erred by denying the motion to suppress because driving over the fog line on an improved shoulder does not constitute a traffic violation. We affirm.

### BACKGROUND

Sheriff's deputy Guerrero Gutierrez was the only witness at the suppression hearing. He has been a deputy for seven years, is trained in field sobriety testing, and is an advanced roadside

impairment driving enforcement officer. He is a drug recognition expert, breath test operator, and instructor for standardized field sobriety tests.

Gutierrez was on patrol in his marked vehicle in the early morning of February 2, 2014. He saw appellant driving north on the service road of Interstate 35 about 1:00 a.m. He followed her as she merged onto the right lane of the Interstate and activated his dashboard camera. There were no other drivers on the road. Appellant swerved onto the shoulder with both right tires, then swerved back into the lane. After approximately 100 feet, she swerved onto the shoulder again with her two right tires. When she merged onto westbound Interstate 20, she drove on the shoulder "a little bit, as well." The improved shoulder is separated from the main lane by a solid white line. Gutierrez testified that driving on the shoulder as far as she did was unusual. There was no reason to drive on the shoulder and it is not safe for a driver to swerve from lane to lane onto the shoulder. Gutierrez believed that based on her driving performance, appellant could have been sleepy, or distracted, or at "that time of night — it was a Saturday night — so it could also be an impaired driver." Gutierrez stopped appellant for a traffic violation after she exited the Interstate. The video recording corroborates Gutierrez's testimony. The right two tires of appellant's vehicle are shown crossing over the right-hand fog line for a few seconds before the vehicle swerved back into the lane at least two occasions.

At the end of the hearing, the trial judge announced he would recess the case in order to review caselaw submitted by the parties regarding transportation code section 545.058. TEX. TRANSP. CODE ANN. § 545.058. Additionally, the judge stated he did not believe the State presented sufficient evidence to establish reasonable suspicion of driving while intoxicated as a justification for the stop.

In announcing its decision after the recess, the trial court stated that caselaw indicates driving on an improved shoulder includes driving over the fog line with one or more tires,

–2–

rejecting appellant's argument that the entire vehicle had to be on the shoulder.[1] The trial court concluded that driving on the shoulder is a violation unless it is both safe and necessary for one of the reasons listed in the statute. *See* TEX. TRANSP. CODE ANN. § 545.058 (driver may drive on improved shoulder if necessary for one of seven specified reasons and that operation may be done safely). The trial court found that the two right tires of the vehicle drove well over the fog line on two different occasions, although the entire vehicle did not cross the line. Further, the trial court found there were no facts showing that driving on the shoulder was necessary for any of the statutory reasons. It concluded the deputy had objective facts giving him reasonable suspicion of a violation of section 545.058 of the transportation code and denied the motion to suppress.

### STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of the law to the facts de novo. *Id.* We give almost total deference to the trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Id.* We give the same deference to the trial court's conclusions with respect to mixed questions of law and fact that turn on credibility or demeanor. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). We review mixed questions of law and fact that

---

[1] *See State v. Hanath*, No. 01-08-00452-CR, 2010 WL 3833919, at *4 n.4 (Tex. App.—Houston [1st Dist.] Sept. 30, 2010, no pet.) (mem. op., not designated for publication) (fact that two right tires of vehicle were on the shoulder for mere seconds did not affect the application of section 545.058(a)); *Tex. Dep't of Pub. Safety v. Skinner*, No. 03-07-00679-CV, 2009 WL 349158, at *2 (Tex. App.—Austin Feb.12, 2009, no pet.) (mem. op.) (rejecting argument that crossing vehicle's right tires onto right shoulder a single time was not "driving" for purposes of section 545.058(a)); *State v. Wise*, No. 04-04-00695-CR, 2005 WL 2952357, at *3 (Tex. App.—San Antonio Oct. 26, 2005, no pet.) (mem. op., not designated for publication) (finding reasonable suspicion where both right tires crossed the solid white line and no indication it was necessary for one of the permissible purposes listed in section 545.058(a)); *Tyler v. State*, 161 S.W.3d 745, 749–50 (Tex. App.—Fort Worth 2005, no pet.) (upholding finding of reasonable suspicion under section 545.058(a) where vehicle straddled solid white line for a few moments and there was no evidence of necessity for one of the exceptions).

do not turn on credibility and demeanor as well as purely legal questions de novo. *Id.* As a general rule, we view the evidence in the light most favorable to the trial court's ruling and afford the prevailing party the strongest legitimate view of the evidence, including all reasonable inferences that may be drawn from that evidence. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013). We will affirm the trial court's ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case, even if the trial court did not rely on that theory. *See State v. Copeland*, 501 S.W.3d 610, 612–13 (Tex. Crim. App. 2016).

## ANALYSIS

When a defendant asserts a search and seizure violates the Fourth Amendment, the defendant bears the initial burden of producing evidence to rebut the presumption of proper conduct by law enforcement. *State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011). A defendant can satisfy this burden by showing the search and seizure was without a warrant. *Id.* The burden then shifts to the State to establish that the search or seizure was nevertheless reasonable under a totality of the circumstances. *Id*.

A police officer may lawfully stop and reasonably detain a motorist if the officer has a reasonable basis for suspecting the person has committed a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944–45 (Tex. Crim. App. 1992); *State v. Gammill*, 442 S.W.3d 538, 540 (Tex. App.—Dallas 2014, pet. ref'd). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Brodnex v. State*, 485 S.W.3d 432, 437 (Tex. Crim. App. 2016). This standard is objective and disregards the officer's subjective intent. *Id.* It is based on the totality of the circumstances. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). The relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of

suspicion that attaches to particular non-criminal acts. *Id.*

The State is not required to establish with absolute certainty that a traffic violation occurred. *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013). Rather, the State must establish that, under the totality of the circumstances, the detention was reasonable. *Id.; Gammill*, 442 S.W.3d at 543. "The question in this case is not whether appellant was guilty of the traffic offense but whether the trooper had a reasonable suspicion that she was." *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015).

It is undisputed in this case there was no warrant for the stop. The State argues it met its burden to show the stop was reasonable because the totality of the circumstances establish that Gutierrez had reasonable suspicion that appellant committed a traffic violation by driving on an improved shoulder when it was not necessary. *See* TEX. TRANSP. CODE ANN. § 545.058(a).

Section 545.058(a) permits a driver to drive on an improved shoulder in certain circumstances:

> (a) An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:
>
> > (1) to stop, stand, or park;
> >
> > (2) to accelerate before entering the main traveled lane of traffic;
> >
> > (3) to decelerate before making a right turn;
> >
> > (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
> >
> > (5) to allow another vehicle traveling faster to pass;
> >
> > (6) as permitted or required by an official traffic-control device; or
> >
> > (7) to avoid a collision.

TEX. TRANSP. CODE ANN. § 545.058(a). "[T]he offense of illegally driving on an improved shoulder can be proved in one of two ways: either driving on the improved shoulder was not a

necessary part of achieving one of the seven approved purposes, or driving on the improved shoulder could not have been done safely." *Lothrop v. State*, 372 S.W.3d 187, 191 (Tex. Crim. App. 2012).

Gutierrez testified there was no necessity for driving on the improved shoulder. The video evidence supports this testimony. None of the statutory justifications for driving on an improved shoulder are apparent from the testimony and video evidence. Appellant was not stopping, standing, or parking. She was not accelerating before entering the main lane, or decelerating before making a right turn. She was not passing another vehicle, or allowing another vehicle to pass her. There was no official traffic-control device permitting or requiring driving on the shoulder and she was not avoiding a collision. The trial court reached the same conclusion and its conclusion is supported by the evidence.

Appellant relies on the opinions in *State v. Tarvin*, 972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref'd) and *State v. Cerny*, 28 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2000, no pet.). Both decisions are distinguishable because they involved stops based on a violation of section 545.060(a) of the transportation code. *Tarvin*, 972 S.W.2d at 912; *Cerny*, 28 S.W.3d at 801; *see* TEX. TRANSP. CODE ANN. § 545.060(a). To support reasonable suspicion of a violation of section 545.060, there must be some indication in the record that failure to maintain a single lane was unsafe. *See* TEX. TRANSP. CODE ANN. § 545.060(a) (providing that driver must maintain a single lane "as nearly as practical" and may move out of the lane only if it can be done safely). Both decisions upheld the granting of a motion to suppress where there was no evidence that moving out of the lane was unsafe. *See Tarvin*, 972 S.W.2d at 912; *Cerny*, 28 S.W.3d at 801.

Unlike section 545.060(a), a violation of section 545.058(a) is shown by evidence that driving on an improved shoulder *either* was not necessary to achieving one of the seven

approved purposes, *or* could not be done safely. *See Lothrop*, 372 S.W.3d at 191. Neither *Tarvin* nor *Cerny* discuss or apply section 545.058(a). In a later case under section 545.058(a), the Waco Court of Appeals distinguished *Tarvin* and reversed the granting of a motion to suppress where there was no evidence that driving with two tires on the shoulder was necessary under any of the permitted purposes listed in section 545.058(a). *See State v. Dietiker*, 345 S.W.3d 426, 430–31 (Tex. App.—Waco 2011, no pet.). In *Dietiker*, the passenger side tires of the vehicle crossed over the fog line onto the shoulder for three or four seconds and there was no evidence indicating the operation was necessary for any of the seven permitted purposes for driving on an improved shoulder. *Id*. at 429–30. The court of appeals reversed the trial court because it applied the lack of safety requirement of section 545.060(a) to a stop based on section 545.058(a). *Id*. at 430–31. The court of appeals concluded there was reasonable suspicion to justify a traffic stop under section 545.058(a) when there was no evidence it was necessary for one of the statutory exemptions. *Id*.

On the record in this case, viewed in the light most favorable to the trial court's ruling, we conclude the deputy had objective facts and rational inferences from those facts to support a reasonable suspicion of a possible violation of section 545.058(a).

CONCLUSION

We conclude the trial court did not abuse its discretion by denying appellant's motion to suppress. We overrule her only issue on appeal and affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
160098F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GWENDOLYN COY STEGAL, Appellant

No. 05-16-00098-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 3, Dallas County, Texas
Trial Court Cause No. MB14-18031-C.
Opinion delivered by Justice Stoddart.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of April, 2017.