**REVERSE and REMAND; Opinion Filed April 1, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00703-CR

## THE STATE OF TEXAS, Appellant
## V.
## ASHLEY BETH GAMMILL, Appellee

On Appeal from the County Criminal Court No. 7
Dallas County, Texas
Trial Court Cause No. MA12-49137-H

## OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

The State appeals the trial court's order granting the motion to suppress filed by Ashley Beth Gammill. The case hinges on whether the Transportation Code section setting forth a driver's duty to display headlights should be construed to be in the conjunctive or the disjunctive. That section states:

> A vehicle shall display each lighted lamp and illuminating device required by this chapter to be on the vehicle:
>
> (1) at nighttime; and
>
> (2) when light is insufficient or atmospheric conditions are unfavorable so that a person or vehicle on the highway is not clearly discernible at a distance of 1,000 feet ahead.

TEX. TRANSP. CODE ANN. § 547.302 (West 2011).[1]

We hold as a matter of law that, despite the statute's use of the conjunction "and," the statute is properly construed disjunctively. Thus, we reverse the trial court's order granting the motion to suppress and remand the case to the trial court for further proceedings.

Gammill was charged by information with driving while intoxicated, a Class A misdemeanor offense. She filed a motion to suppress, contending the State did not have reasonable suspicion to initiate the traffic stop that resulted in her arrest.

A defendant moving to suppress evidence because of an illegal search or seizure has the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 275 S.W.3d 872, 879 (Tex. Crim. App. 2009). A defendant meets this burden by producing evidence the search or seizure occurred without a warrant. *Id.* The burden then shifts to the State to prove the search or seizure was reasonable under the totality of the circumstances. *Id.*

An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reasonable suspicion exists if the officer can point to specific, articulable facts that reasonably lead to the conclusion the person detained is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

At the hearing on Gammill's motion to suppress, the arresting officer testified that around 11:30 at night, he saw a vehicle driving on the Dallas North Tollway without headlights. He stopped the vehicle and noticed the driver, Gammill, appeared intoxicated. After performing several field sobriety tests, he arrested her for driving while intoxicated. The officer did not

---

[1] Nighttime is defined as "the period beginning one-half hour after sunset and ending one-half hour before sunrise." TEX. TRANSP. CODE ANN. § 541.401(5).

testify that a person or vehicle on the highway was not clearly discernible at a distance of 1,000 feet ahead.

Gammill argued the statute sets forth a conjunctive test, meaning drivers must display lights only when it is both nighttime *and* visibility is less than 1,000 feet. The State argued the statute is disjunctive, meaning drivers must display lights either when it is nighttime or when visibility is less than 1,000 feet. The trial court granted Gammill's motion to suppress because the record was silent on the issue of 1,000 feet of visibility.

The State appeals.[2] In a single issue it asserts the trial court erred by interpreting the statute conjunctively and, therefore, by granting Gammill's motion to suppress.[3]

We review a trial court's ruling on a motion to suppress under a bifurcated standard: we give almost total deference to the trial court's determination of historical facts, and we review de novo the court's application of the law to the facts. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). However, statutory construction is a question of law and is reviewed de novo. *Boston v. State*, 410 S.W.3d 321, 325 (Tex. Crim. App. 2013).

The goal of statutory construction is to give effect to the collective intent or purpose of the legislature that enacted the statute. *Id.* (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). We apply the plain meaning of the text when a statute is clear and

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2013).

[3] Gammill's brief points out that, when asked by the trial court whether the State agreed that the statute required proof that it was both nighttime and light was insufficient, the prosecutor essentially agreed, saying, "That's what — how we would read it with that word and." Gammill's brief does not make clear how this exchange affects the argument here. However, we conclude nothing about this exchange estops the State from asserting its issue on appeal. "[T]he law of invited error estops a party from making an appellate error of an action it induced." *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) ("'The rule in question [invited error] is but a deduction from the doctrine of estoppel. Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed.'" *Id.* (brackets added) (quoting *Missouri, K. & T. Ry. Co. of Tex. v. Eyer*, 70 S.W. 529, 529–30 (Tex. 1902)). The prosecutor's admission that the statute used the word "and" instead of "or" did not invite the court to grant Gammill's motion. The State argued below, as it does now, that Gammill's motion should have been denied.

unambiguous. *Boykin*, 818 S.W.2d at 785–86. If the plain language of the statute leads to an absurd result the legislature could not have intended or is ambiguous, we consider extra-textual sources to ascertain the collective intent of the legislature. *Boston*, 410 S.W.3d at 325.

Looking at the statute as a whole, the plain meaning of the text imposes a duty to display lights during two alternative time periods: (1) "at nighttime" and (2) "when light is insufficient or atmospheric conditions are unfavorable so that a person or vehicle on the highway is not clearly discernible at a distance of 1,000 feet ahead." TEX. TRANSP. CODE ANN. § 547.302. The duty applies during either time period. Gammill's interpretation that there is no duty to display lights until both conditions occur at the same time is not supported by the plain meaning of the text.

Furthermore, although the terms "and" and "or" are not interchangeable in general, they may be interpreted as synonymous when necessary to effectuate the legislature's intent or to prevent an ambiguity, absurdity, or mistake. *See Bayou Pipeline Corp. v. R.R. Comm'n*, 568 S.W.2d 122, 125 (Tex. 1978); *Collin Cnty. Appraisal Dist. v. Ne. Dallas Assocs.*, 855 S.W.2d 843, 848 (Tex. App.—Dallas 1993, no writ). For example, "and" may be interpreted as "or" to effectuate the obvious intent of the legislature when doing so would not render the statute meaningless and would not create an absurdity. *State v. Carmaco*, 203 S.W.3d 596, 601 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (construing "and" as "or" in ordinance prohibiting dancer from performing less than 6 feet from patron "and" on a stage less than 18 inches high in order to effectuate intent of city and avoid absurdity). However, the word "or" cannot be interpreted as "and" in penal statutes when the effect would be to increase the punishment. *See Ruffin v. State*, 134 S.W.2d 293, 294 (Tex. Crim. App. 1939) (statute setting punishment for misdemeanor as a fine or jail time did not authorize sentence of both a fine and jail time).

Interpreting the statute to impose a duty to display lights only when it is night *and*

–4–

visibility is reduced to less than 1,000 feet leads to an absurd result. Such a construction would mean that if daytime weather conditions—such as a daytime thunderstorm, sandstorm, or similar weather event common to Texas—reduced visibility to less than 1,000 feet, a driver would have no duty to display headlights. Driving with reduced visibility is a dangerous condition, whether the reduced visibility is caused by night, by weather conditions, or by both. We conclude the legislature could not have intended to enact a statute protecting drivers, passengers, and bystanders under one such circumstance but not under the others. Such a construction would effectively render the statute absurd.

This absurd result was rejected in *Lopez v. State*, No. 13-99-613-CR, 2001 WL 892851, at *1–3 (Tex. App.—Corpus Christi July 12, 2001, no pet.) (mem. op., not designated for publication) (failure to display headlights in poor weather during daytime violates section 547.302). In that case, the defendant was stopped for not displaying his headlights at 6:00 p.m. The evidence showed that the sun set at 6:17 p.m. *Id.* The defendant argued that section 547.302 requires a vehicle to display headlights only at nighttime and it was not yet night when he was stopped. *Id.* The officer testified that it had rained earlier that evening and the sky was cloudy and darker than usual at that time of day. The officer did not believe it was bright enough to see a vehicle from over 1,000 feet without headlights. The court of appeals concluded the officer had reasonable suspicion to stop the defendant for a traffic violation under section 547.302(a)(2) even though it was not yet nighttime. *Id.*

The State's interpretation is also supported by the statute's history. Transportation Code section 547.302 was adopted in 1995 as part of the nonsubstantive revision of statutes relating to transportation. Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 547.302, 1995 Tex. Gen. Laws 1025, 1655. The prior law stated:

> Every vehicle upon a highway within this State at any time from a half hour after sunset to a half hour before sunrise and *at any other time* when, due to insufficient

light or unfavorable atmospheric conditions, persons and vehicles on the highway are not clearly discernible at a distance of one thousand (1,000) feet ahead shall display lighted lamps and illuminating devices . . ..

Act of April 15, 1971, 62nd Leg., R.S., ch. 83, § 54, sec. 109, 1971 Tex. Gen. Laws 722, 743 (former TEX. REV. CIV. STAT. ANN. art. 6701d, § 109(a)) (emphasis added). Under the prior statute it was an offense to operate a vehicle without headlights at night. *See Angel v. State*, 740 S.W.2d 727, 731 (Tex. Crim. App. 1987) (road machinery included among vehicles that must comply with lighting requirements when operated on highway at nighttime); *Anderson v. State*, 701 S.W.2d 868, 873 (Tex. Crim. App. 1985) (officer had reasonable suspicion to stop vehicle he observed driving on highway without headlights at 2:20 a.m.).

Although the words "at any other time" were omitted in the codification of the statute along with other changes, the legislature was clear that it intended no change in the substance of the law:

> SECTION 25. LEGISLATIVE INTENT OF NO SUBSTANTIVE CHANGE. This Act is enacted under Section 43, Article III, Texas Constitution. This Act is intended as a recodification only, and no substantive change in law is intended by this Act.

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 25, 1995 Tex. Gen. Laws 1025, 1871. Accordingly, we reject any contention that the legislature intended a substantive change in the law regarding the duty to display headlights by removing the words "at any other time."

Texas courts have held that driving without headlights at nighttime violates section 547.302 without discussing any additional requirement regarding visibility of less than 1,000 feet. *See Francis v. State*, No. 02-13-00075-CR, 2014 WL 782911, at *2–3 (Tex. App.—Fort Worth Feb. 27, 2014, no. pet. h.) (officer had probable cause to stop driver for driving at night with fog lights but not headlights); *Baldez v. State*, 386 S.W.3d 324, 326–27 (Tex. App.—San Antonio 2012, no pet.) (applying section 547.302, officer had probable cause to stop car for not displaying headlights at 11:29 p.m.); *Throneberry v. State*, 109 S.W.3d 52, 58 (Tex. App.—Fort

Worth 2003, no pet.) ("[I]t is an offense to drive without the headlights of a car illuminated at night."); *Pulley v. State*, No. 07-06-0140-CR, 2006 WL 2860979, at *1 (Tex. App.—Amarillo Oct. 9, 2006, no pet.) (mem. op., not designated for publication) (interpreting section 547.302 to mean "[s]tatute requires one to engage a vehicle's headlights while driving after dark").

The issue before us is whether the officer had reasonable suspicion to stop Gammill for a traffic offense. Once the burden shifted to the State, the State was required to demonstrate the reasonableness of the stop. *Amador*, 275 S.W.3d at 879. "The State does not have to establish with absolute certainty that a crime occurred; it just has to carry its burden of proving that, under the totality of the circumstances, the seizure was reasonable." *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013).

Here, the officer testified to specific facts—Gammill's vehicle was being operated on a public road at 11:30 at night without displaying headlights—that reasonably lead to the conclusion Gammill was committing a traffic violation. Accordingly, under the totality of the circumstances, the traffic stop was reasonable. As a result, we conclude the trial court erred by granting Gammill's motion to suppress.

We sustain the State's issue. We reverse the trial court's order granting the motion to suppress and remand the case to the trial court for further proceedings.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)
130703F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00703-CR      V.

ASHLEY BETH GAMMILL, Appellee

On Appeal from the County Criminal Court
No. 7, Dallas County, Texas
Trial Court Cause No. MA12-49137-H.
Opinion delivered by Justice Moseley.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the trial court's order granting appellee's motion to suppress is **REVERSED** and the case **REMANDED** for further proceedings.


Judgment entered this 1st day of April, 2014.


/Jim Moseley/
JIM MOSELEY
JUSTICE