COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

THE STATE OF TEXAS,                                        No. 08-13-00316-CR

§

        Appellant,                                        Appeal from the

§

v.                                                County Criminal Court No. 8

§

AMANDA SUZANNE KOVACH,                              of Dallas County, Texas

§

        Appellee.                                        (TC# MA12-58900-J)

§

## O P I N I O N

The State of Texas appeals a suppression order granted in favor of Amanda Kovach. We reverse and remand.

## BACKGROUND

This appeal arises out of a driving while intoxicated (DWI) case and was transferred to us from the Fifth Court of Appeals in Dallas. The facts are straightforward and undisputed. Dallas Police Department Officer Robert Wilcox witnessed Kovach driving her car on a public road at approximately 1:42 a.m. without using her headlights. Based on his belief that she had violated TEX.TRANSP.CODE ANN. § 547.302(a)(West 2011)(governing the use of headlights), Officer Wilcox initiated a stop which ultimately culminated in Kovach's arrest for DWI.

Following a hearing, the trial court granted Kovach's motion to suppress, apparently on

1

the basis that Section 547.302(a) required the use of headlights at nighttime only if atmospheric conditions did not permit the driver to see more than 1,000 feet ahead of the vehicle. In its findings of fact and conclusions of law, the trial court found that Kovach failed to use her headlights. It also found that Officer Wilcox was a credible witness.

The State appealed.

## DISCUSSION

When resolution of a motion to suppress hinges on the trial court's assessment of witness credibility and demeanor, we review the ruling for abuse of discretion as a mixed question of fact and law and grant the lower court great deference. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010). However, when as in this case the facts are undisputed and suppression turns on a pure question of law, we review the trial court's ruling *de novo*. *Id*. at 447-48. Here, the trial court's findings of fact make absolutely clear that Officer Wilcox was a credible witness and that Kovach failed to use her headlights. Thus, the only remaining issue is whether the Transportation Code requires nighttime drivers to use their headlights only when they cannot see 1,000 feet in front of their vehicles. If so, Officer Wilcox had no reasonable suspicion to stop Kovach. We find that the Code imposes no such requirement.

The Transportation Code states in relevant part:

(a) A vehicle shall display each lighted lamp and illuminating device
required by this chapter to be on the vehicle:

> (1) at nighttime; and

> (2) when light is insufficient or atmospheric conditions are
> unfavorable so that a person or vehicle on the highway is not
> clearly discernible at a distance of 1,000 feet ahead.

TEX.TRANSP.CODE ANN. § 547.302(a).

Although the use of the phrase "and" in a statute is often conjunctive, the plain language

2

of the statute here shows that the Texas Legislature used the word "and" to set up two alternate situations in which Texas drivers are required to use their headlights. *State v. Gammill*, 442 S.W.3d 538, 540 (Tex.App.--Dallas 2014, pet. ref'd). A driver commits an offense both when she drives without headlights at night *and* when she drives when light is insufficient or atmospheric conditions limit visibility to less than 1,000 feet. Direct, on-point precedent supports this reading. *See id.*[1]

Because the trial court expressly found Officer Wilcox to be credible, because it found that Kovach failed to use her headlights at nighttime, and because the statute penalizes driving at nighttime without headlights, Officer Wilcox had reasonable suspicion to initiate the traffic stop. *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992)(traffic violation may constitute reasonable suspicion for stop). The trial court erred in ordering suppression.

Issue One is sustained. We reverse the trial court's judgment and remand for further proceedings.


November 25, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[1] As this is a Fifth Court of Appeals transfer case, their precedent controls. TEX.R.APP.P. 41.3.

3