**AFFIRM; and Opinion Filed December 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00091-CR

### MARCIE LYNN MCCARTHY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the County Criminal Court of Appeals No. 2
### Dallas County, Texas
### Trial Court Cause No. MB1052426-M

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Brown

Appellant Marcie Lynn McCarthy appeals her conviction for misdemeanor driving while intoxicated following a jury trial. In six issues, she contends the trial court erred in: denying her motion to suppress, making inadequate findings of fact and conclusions of law, admitting certain evidence, refusing or including certain jury instructions, and failing to grant her motion for a directed verdict. We affirm the trial court's judgment.

#### BACKGROUND

After she was pulled over in Dallas for the traffic offense of stopping her car in an intersection, appellant was charged with DWI. She filed a motion to suppress. After a hearing on the issue of whether there was reasonable suspicion to stop appellant's vehicle, the trial court denied the motion to suppress. Appellant pleaded not guilty, and the case proceeded to a jury trial. The jury was instructed in accordance with article 38.23(a) of the code of criminal

procedure to disregard any evidence obtained by an officer in violation of the federal or state Constitutions or law. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). The jury found appellant guilty, and the trial court assessed her punishment at 120 days' confinement in the county jail, probated for twelve months, and a $100 fine. This appeal followed.

## TRIAL COURT'S DENIAL OF THE MOTION TO SUPPRESS

In her first and third issues, appellant contends the trial court erred in denying her motion to suppress because the arresting officer lacked reasonable suspicion to stop her vehicle for stopping in an intersection.[1] The State responds that the trial court properly denied the motion to suppress. We agree with the State.

Dallas Police Officer Victor Quezada was the sole witness at the hearing on the motion to suppress. He testified that while he was on patrol on February 4, 2010, at about 3:00 a.m., he saw appellant's car stopped in the intersection at Ross and Greenville Avenue. The trial court admitted into evidence three photographs of the location in question offered by the State. Quezada testified that it was dark at the time of the incident, but there were street lights on Greenville and Ross. He was about a block away on Lewis Street when he first saw appellant, and appellant was on Ross. At first, Quezada was not sure if appellant was in the intersection, so he pulled into a parking lot and then pulled out onto southbound Greenville to make sure. Quezada confirmed appellant was stopped in the intersection. Appellant eventually turned left, but Quezada observed her stopped in the intersection for a period of somewhere between thirty seconds and one minute, which was a violation of the transportation code. Quezada further

---

[1] The arguments appellant makes in issues one and three are almost identical. In issue one, appellant refers to the officer's testimony at the hearing on the motion to suppress. In issue three, however, appellant refers to the officer's testimony at trial. The officer's testimony at trial, although similar to his pretrial testimony, had no bearing on the trial court's earlier decision to deny the motion to suppress. And appellant is not entitled to a sufficiency review of the jury's implied rejection of the article 38.23(a) issue. *See Hanks v. State*, 137 S.W.3d 668, 671–72 (Tex. Crim. App. 2004). Accordingly, in connection with these two issues, we consider only whether the trial court erred in granting appellant's pretrial motion to suppress.

testified that the traffic light was green for southbound Greenville Avenue and red for appellant, but appellant was still in the intersection, disregarding the traffic signal.

On redirect, the officer again testified that he saw appellant sitting in the intersection at a red light on Ross and Greenville. He could not see the markings on the roadway from Lewis Street or from the parking lot, but he could see the markings when he went to Ross. He could clearly see the marked stop line at that time. The officer pointed out on one of the photographic exhibits where appellant's car was in the intersection. He testified her entire vehicle was past the marked stop line. The back of her vehicle was about ten feet past the line. According to Quezada, the intersection began at the clearly marked stop line, and appellant was past that line. Her light was red at the time. He also testified that he reasonably believed the intersection began at the line and that based on his observations appellant had committed a traffic violation. The trial court denied the motion to suppress.

Upon appellant's request, the trial court made findings of fact and conclusions of law regarding the motion to suppress. Among other things, the court found that Officer Quezada witnessed appellant's vehicle come to a stop past a clearly marked stop line in the intersection of Ross and Greenville Avenue. At the time, appellant had a steady red light traffic signal. The court also found that Quezada testified that appellant's entire vehicle was in the intersection and was across the clearly marked stop line and remained that way for at least thirty seconds. The court concluded appellant was lawfully stopped because she violated section 545.302(a)(3) of the transportation code, which provides that an operator may not stop, stand, or park a vehicle in an intersection. TEX. TRANSP. CODE ANN. § 545.302(a)(3) (West 2011). More specifically, the court concluded appellant violated this section by stopping a motor vehicle in the intersection of Ross and Greenville Avenue. The court also concluded that appellant violated section 544.007(d) of the transportation code, which provides that an operator of a motor vehicle facing

only a steady red traffic signal shall stop at a clearly marked stop line. *See id.* § 544.007(d) (West Supp. 2015).

When a trial court enters findings of fact after denying a motion to suppress, an appellate court must first determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports these fact findings. *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). If the findings are supported by the record, appellate courts will afford almost total deference to the trial court's determination of the historical facts when they are based on an evaluation of credibility and demeanor. *Id.* We give the same amount of deference to mixed questions of law and fact if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* But when the resolution of such questions do not depend upon an evaluation of credibility and demeanor, appellate courts are permitted to conduct a de novo review. *Id.*

Here the issue is whether Officer Quezada's initial detention of appellant was lawful. An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Id.* This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* A reasonable suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93. The State does not have to establish with absolute certainty that a crime occurred; it just has to carry its burden of proving that, under the totality of the circumstances, the seizure was reasonable. *Abney v. State*, 394

S.W.3d 542, 548 (Tex. Crim. App. 2013); *State v. Gammill*, 442 S.W.3d 538, 543 (Tex. App.—Dallas 2014, pet. ref'd).

Appellant relied on *Ford* at trial and in his appellate brief. Ford was initially detained for the failure to maintain a proper following distance. Like this case, the suppression hearing concerned whether Ford's initial detention was supported by reasonable suspicion. At the suppression hearing, an officer testified that he pulled Ford over because he saw Ford's car "following too close" to another car. *See Ford*, 158 S.W.3d at 491. There were no other details given about the traffic offense. The court of criminal appeals ruled that the officer's conclusory statement did not provide specific, articulable facts to allow an appellate court to determine the circumstances upon which the officer could have reasonably concluded Ford was engaged in criminal activity. *See id.* at 493. The court held the trial court erred in denying Ford's motion to suppress. *Id.* at 494.

Appellant argues that her case is like *Ford* because Officer Quezada "simply made the conclusory statement that [appellant's] car was in the intersection" and provided no objective facts on which the court could evaluate his opinion. We disagree with appellant's characterization of the officer's testimony. The officer gave much more testimony about the traffic stop than just a conclusion that appellant's car was in the intersection. He provided specific, articulable facts about appellant's driving. He described where his car and appellant's car were when he first saw her. He described how he drove closer to appellant to confirm that she was stopped in the intersection of Ross and Greenville. He testified that, although appellant had a red light, her entire car was in the intersection, ten feet past the marked stop line. Officer Quezada testified that the intersection began at that stop line. He pointed out to the trial court on a photograph of the location where he saw appellant's car at the intersection. *Ford* is distinguishable on the facts because our record contains non-conclusory evidence supporting a

–5–

finding of reasonable suspicion. *See Amador v. State*, 275 S.W.3d 872, 880 (Tex. Crim. App. 2009).

Appellant also contends the motion to suppress should have been granted because Officer Quezada could not give a word-for-word recitation of the transportation code provision at issue. Appellant cites *Ford* for the proposition that the State was required to prove with articulate and specific facts *all the elements of the traffic violation* used to justify the stop. But *Ford* does not stand for this proposition. *Ford* instead requires the State to elicit specific and articulable facts to allow an appellate court to determine the circumstances upon which the officer could have reasonably concluded the defendant was engaged in criminal activity. *See Ford*, 158 S.W.3d at 493–94. The State did not have to establish with absolute certainty that a traffic offense occurred. *See Abney*, 394 S.W.3d at 548. The officer's testimony, viewed in the light most favorable to the trial court's ruling, supports the court's findings that appellant's entire vehicle was in the intersection of Ross and Greenville, across the clearly marked stop line, when she had a red light, and remained that way for at least thirty seconds. Based on this testimony, the court concluded appellant was lawfully stopped because she violated the section of the transportation code that prohibits stopping a vehicle in an intersection.[2]

Further, we note the trial court concluded that Officer Quezada's testimony established he had an another reason to detain appellant's vehicle, her violation of section 544.007(d) of the transportation code, which provides that an operator of a vehicle facing only a steady red signal

---

[2] Relying on a limitation to the definition of "intersection," appellant also contends her motion to suppress should have been granted because she was not in an area that met the definition. The code provides that an intersection includes only the common area at the place where vehicles could collide if traveling on roadways of intersecting highways that join at any angle other than an approximate right angle. TEX. TRANSP. CODE ANN. § 541.303(b)(2) (West 2011). Appellant contends it was uncontroverted that Officer Quezada was travelling south on Greenville in a lane that required him to turn right at the intersection and therefore the two vehicles could not have collided. The testimony on this subject occurred at trial, not at the suppression hearing. On cross-examination, the officer testified that he did not remember which lane of traffic he was in. Nor did he remember whether the two right lanes had to turn right, but he agreed to take defense counsel's word for it. Because there was no evidence on this issue at the suppression hearing, this testimony was not a ground for denying the motion to suppress. Further, evidence that appellant's vehicle would not have collided with the officer's does not mean that she was not in a common area where no vehicle could have collided with her.

shall stop at a clearly marked stop line. Appellant does not mention this provision of the code in her brief and has not challenged this finding on appeal. Deferring to the trial court's determination of the historical facts, the trial court did not err in denying appellant's motion to suppress. We overrule appellant's first and third issues.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her second issue, appellant contends the trial court's findings of fact and conclusions of law do not comply with the standard set out by the court of criminal appeals in *State v. Cullen*. In *Cullen*, the court of criminal appeals held that, upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts. *Id.* This requirement assures that appellate resolution of the suppression issue is based on the reality of what happened at the trial court level rather than on appellate speculations that may be entirely fictitious. *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). The appropriate relief for a court's failure to comply with *Cullen* is a remand to the trial court for entry of additional findings and conclusions. *See id.* at 676.

Although appellant maintains the trial court failed to comply with *Cullen*, she does not argue that the court failed to state any essential findings or that the court's findings do not provide us with a basis upon which to review the denial of the motion to suppress. Recounting portions of Officer Quezada's testimony, appellant instead argues that the findings and conclusions the court made are not based on the record. Because appellant has not shown the trial court's findings and conclusions failed to satisfy *Cullen*'s requirement that a trial court state its essential findings, we overrule appellant's second issue.

**ADMISSION OF PHOTOGRAPHS AT SUPPRESSION HEARING**

In her fourth issue, appellant contends the trial court erred in admitting into evidence at the hearing on the motion to suppress the photographs of the intersection in question. Defense counsel objected to the State's three photographic exhibits on grounds of relevance, arguing they did not represent the location at the time of the stop because the photos were taken in the daytime and the traffic stop occurred at night. The State responded that the court could take the lighting into consideration and the fact that it was different did not affect the admissibility of the exhibits. The trial court overruled appellant's objection and admitted the exhibits.

In her one-paragraph briefing of this issue, appellant has cited no law in support of her argument that the exhibits were improperly admitted. This issue is therefore inadequately briefed and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i) (appellant's brief must contain appropriate citations to authorities for contentions made); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (appellant who failed to provide any relevant authority to suggest why judge's actions were improper had not adequately briefed issue). Further, except with respect to privileges, the rules of evidence do not apply to suppression hearings. *See Vennus v. State*, 282 S.W.3d 70, 72 n.1 (Tex. Crim. App. 2009); *see also* TEX. R. EVID. 101(e)(1).[3] In addition, any discrepancies between a photograph and its subject at the relevant time, if properly pointed out, will not render the photo inadmissible. *Johnson v. State*, 583 S.W.2d 399, 404 (Tex. Crim. App. [Panel Op.] 1979). We overrule appellant's fourth issue.

---

[3] Rule of evidence 101(e)(1) is the current version of the applicable rule, which went into effect on April 1, 2015. At the time of appellant's suppression hearing in November 2010, this rule was found in rule of evidence 101(d)(1)(A).

## JURY CHARGE

In her fifth issue, appellant contends the trial court erred either by not submitting requested instructions or by including certain instructions in the jury charge.[4] Appellant's complaints about the charge all involve the issue of whether there was reasonable suspicion for the initial stop, not whether appellant committed the DWI offense.

Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we analyze that error for harm. *Id.* The trial court must give the jury a written charge distinctly setting forth the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). We review a trial court's decision to submit or refuse a jury instruction for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). A trial court does not err in refusing a requested charge that is not in accordance with the law. *Traylor v. State*, 43 S.W.3d 725, 730 (Tex. App.—Beaumont 2001, no pet.).

First, appellant contends the trial court erred in refusing to add language to the charge to indicate that in order for the traffic stop to be valid, the officer making the stop needed to have reasonable suspicion as "to each and every element of the traffic stop." In support of this argument, appellant cites law for the proposition that it is necessary to prove all the elements of the offense beyond a reasonable doubt. While this was true for the DWI offense with which appellant was charged, it was not true for the traffic offense giving rise to reasonable suspicion. *See Abney*, 394 S.W.3d at 548 (State does not have to establish with absolute certainty that offense resulting in traffic stop occurred, only that, under totality of circumstances, seizure was reasonable). The trial court did not abuse its discretion in refusing this instruction.

---

[4] The jury charge was not included in the appellate record. However, we are able to address appellant's issue without it.

Next, appellant contends the court should have used the word "standing" instead of "stopping" in the charge when referring to the traffic offense. The transportation code prohibits an operator from stopping, standing, or parking a vehicle in an intersection. TEX. TRANSP. CODE ANN. § 545.302(a)(3). The transportation code defines the terms "stop" and "stand" similarly. "Stand" or "standing" means to halt an occupied or unoccupied vehicle, other than temporarily while receiving or discharging passengers. *Id.* § 541.401(9) (West 2011). "Stop" or "stopping," when prohibited under the code, means to halt, including momentarily halting, an occupied or unoccupied vehicle, unless necessary to avoid conflict with other traffic or to comply with the directions of a police officer or a traffic-control sign or signal. *Id.* § 541.401(10). Both definitions encompass the conduct Officer Quezada observed. Officer Quezada used the term "stop" during his testimony and, because appellant temporarily halted her vehicle in the intersection, the term "stop" was more appropriate. The trial court did not abuse its discretion in using the term "stop" over "stand."

Appellant also contends the trial court erred in denying her request that the word "intersection" be removed from the charge because there had been no testimony about what an intersection was. The code defines "intersection" as the common area at the junction of two highways. TEX. TRANSP. CODE ANN. § 541.303(a) (West 2011); *see id.* § 541.302(5) (West 2011) ("highway" means width between boundary lines of publicly maintained way any part of which is open to public for vehicular travel). Appellant does not argue that the term was not defined in the jury charge, only that there was no testimony about the definition. Appellant cites no authority in support of her contention that the court should have omitted the familiar term under the circumstances. *See* TEX. R. APP. P. 38.1(i). We conclude the trial court did not abuse its discretion in denying appellant's request.

Appellant further contends the charge should not have contained the language "stopped at a red light" because Officer Quezada testified that he could not tell what color the light was. She also contends the charge should not have referred to "any clearly marked line" because the officer admitted he could not see the line. The record does not support these arguments. Although Officer Quezada testified that when he first saw appellant's car, he could not see the color of the light or the markings on the road, he went on to testify that when he drove closer to appellant, he saw that her light was red and also saw the marked stop line. We overrule appellant's fifth issue.

## MOTION FOR DIRECTED VERDICT

In her sixth issue, appellant contends the trial court erred by failing to grant her motion for a directed verdict. A challenge to a trial court's denial of a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003). In evaluating the legal sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 896 (Tex. Crim. App. 2010). In arguing to the trial court that it should grant a directed verdict, rather than challenge the evidence to prove the elements of DWI, appellant again challenged the validity of the initial traffic stop. Appellant does the same in her appellate brief. The trial court did not err in denying her motion for directed verdict. We overrule appellant's sixth issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

150091F.U05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MARCIE LYNN MCCARTHY, Appellant

No. 05-15-00091-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. MB1052426-M.
Opinion delivered by Justice Brown, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of December, 2015.