**AFFIRMED; Opinion Filed April 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00727-CR

**JOHN EDWARD WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-83246-2017**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

The State charged appellant John Edward Williams with possession of a controlled substance with intent to deliver. Following the trial court's denial of his pretrial motion to suppress evidence, appellant waived his right to a jury trial and pleaded guilty. The trial court adjudicated appellant guilty and assessed punishment. In two issues on appeal, appellant asserts the trial court erred by denying his motion to suppress by finding he violated sections 544.010(c) and 545.104 of the Texas Transportation Code. We affirm the trial court's judgment.

FACTUAL BACKGROUND

Appellant was arrested without a warrant and filed a motion to suppress asserting the police officer lacked reasonable suspicion to detain him. The trial court conducted a hearing on appellant's motion. The State presented testimony from Officer Robert Todd who worked for the

Anna Police Department on April 8, 2017, when he encountered appellant driving a vehicle. Todd was patrolling the highway when he noticed a white car that was registered out-of-state. Initially Todd did not observe any traffic violations.

Todd drove behind the vehicle as it exited the highway. The first intersection appellant encountered had a white stop line and did not have a crosswalk. Although appellant stopped the vehicle at the intersection, the front tires passed the stop line. Todd testified the car "stopped with the stop line approximately in the middle of the vehicle." After turning left and crossing over the highway, appellant failed to stop the vehicle behind the stop line at the next intersection, which also did not have a crosswalk; the stop line again was in the middle of the vehicle. Todd initiated a traffic stop.

After hearing Todd's testimony and reviewing video from his dash camera, the trial court announced its findings of fact. The court found, among other things, that Todd initiated a traffic stop after observing the vehicle stopped on—but not before—the stop line at two intersections. The court took the motion under advisement and subsequently denied the motion to suppress.

## LAW & ANALYSIS

Appellate courts review a trial court's ruling on a motion to suppress for an abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011) (per curiam). When conducting this review, we employ a bifurcated standard. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to a trial court's rulings on questions of historical fact and mixed questions of law and fact that turn on an evaluation of credibility and demeanor, but we review de novo mixed questions of law and fact that do not turn on credibility and demeanor. *Lujan*, 331 S.W.3d at 771. We view the evidence in the light most favorable to the trial court's ruling. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011).

A law enforcement officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944-45 (Tex. Crim. App. 1992); *State v. Gammill*, 442 S.W.3d 538, 540 (Tex. App.—Dallas 2014, pet. ref'd). A traffic stop is justified if the officer has specific articulable facts that, when combined with rational inferences from those facts, would give the officer a reasonable suspicion that the driver has engaged in criminal activity. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). This standard is wholly objective; so long as there is an objective basis for the stop, the subjective intent of the officer conducting the stop is irrelevant. *Id*. The reasonable suspicion standard requires the State to demonstrate in the hearing only "some minimal level of objective justification" to justify the initial stop. *Id.* A traffic stop based on an officer's mistaken understanding of the law of the offense, so long as that mistake was objectively reasonable, is valid. *See Heien v. N. Carolina*, 135 S. Ct. 530, 539 (2014); *see also McCurtain v. State*, No. 05-15-00959-CR, 2016 WL 3913043, at *1 (Tex. App.—Dallas July 14, 2016, no pet.) (mem. op., not designated for publication).

In his first issue, appellant asserts the trial court erred by granting the motion to suppress based on a purported violation of section 544.010(c) of the transportation code. Section 544.010(c) provides: "An operator required to stop by this section shall stop before entering the crosswalk on the near side of the intersection. In the absence of a crosswalk, the operator shall stop at a clearly marked stop line." TEX. TRANS. CODE ANN. § 544.010(c). Appellant asserts section 544.010(c) does not require the operator to stop before crossing the stop line. Therefore, he argues, he did not violate section 544.010(c) because he stopped while his vehicle was at the stop line even though the vehicle did not stop before the stop line.

Todd testified two intersections were marked with stop lines, but not crosswalks. At each intersection, appellant's vehicle stopped once its front tires passed the stop line. Based on Todd's belief this violated section 544.010(c), he initiated a traffic stop. The statute does not state that the

operator must stop before a clearly marked line; it instead uses the phrase "at a clearly marked line."  In this case, we need not determine whether section 544.010(c) requires an operator to stop before the line because, even if it does not, any mistake of law by Todd was reasonable.[1]  Applying the proper standard of review, we conclude the trial court did not err by concluding Todd had an objectively reasonable basis to believe appellant engaged in a traffic violation.  Thus, the trial court did not err by denying the motion to suppress.  We overrule appellant's first issue.

In light of our disposition of appellant's first issue, we need not consider his second issue in which he argues the trial court erred by denying his motion to suppress by finding he violated section 545.104 of the Texas Transportation Code.  *See* TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
180727F.U05

---

[1] At least one court has concluded an operator commits a traffic offense if he crosses the stop line before stopping.  *See Villarreal v. State*, No. 13-17-00323-CR, 2018 WL 6802130, at *4 (Tex. App.—Corpus Christi Dec. 27, 2018, pet. filed) (mem. op., not designated for publication) (concluding appellant committed a traffic offense under section 544.010(c) by crossing the stop line before stopping); *see also Torres v. State*, No. 11-13-00172-CR, 2015 WL 4438051, at *5 (Tex. App.—Eastland July 16, 2015, no pet.) (mem. op., not designated for publication) ("officers observed Appellant commit a traffic violation when he crossed the white line that was parallel with the stop sign.").



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHN EDWARD WILLIAMS, Appellant

No. 05-18-00727-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-83246-2017.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of April, 2019.